*W. C. Endicott,* for the petitioners.

## INCREASE H. BROWN *vs.* THOMAS STONE.

In a controversy between proprietors of adjacent estates, as to the width of a passage way between them, the descriptions in deeds of the estates to one under whom both proprietors claim title are admissible in evidence.

The owner of a right of way over a passage way may, for the purpose of keeping the way fit for use, disturb the soil and pave or repair it, making no material change in its condition, nor interfering with the estates of others in the way.

ACTION OF TORT for forcibly entering the plaintiff's close in Marblehead, digging up the soil and carrying away the pavement. Answer, that the acts complained of were done lawfully, under the authority of Joseph G. Wooldredge, upon land between the dwelling-houses of the plaintiff and Wooldredge, over which both had a common right of way.

At the trial in the court of common pleas, before *Perkins,* J., both parties claimed title, through several mesne conveyances, under John Nutt's will, made in 1775, when he owned both estates. The deed under which plaintiff claimed, and several of the preceding conveyances since the devise of Nutt, bounded the plaintiff westerly on the estate of Wooldredge; and the deed of Wooldredge, and several of the preceding conveyances since Nutt's devise, bounded his estate easterly on the passage way between the premises and the plaintiff's estate. The plaintiff contended that this passage way included the whole open space between the two houses. The defendant contended that it was a much narrower way, of about three or four feet, by the side of the plaintiff's house.

As evidence of the width of the passage way, the defendant

was permitted, against the plaintiff's objection, to put in deeds of Wooldredge's estate from Daniel Felton and wife to Daniel Felton Jr., and from Daniel Felton Jr. to Nutt, and an intermediate deed from Felton and wife to Nutt of the plaintiff's estate, the measurements in which would give a passage way of the width contended for by the plaintiff.

There was evidence, introduced without objection, tending to show that the tenants in the house of Wooldredge had constantly made use of the whole of this space between the two houses for a long period of time, and also that the tenants in the plaintiff's house not only had not used, but some of them had disclaimed any right to use the said open space or yard.

The court directed the jury "that the plaintiff would hold, as he claimed, by the description in the deeds of conveyance from John Nutt through several intermediate conveyances to himself; but as the plaintiff's estate was bounded westerly on the estate of Wooldredge, and Wooldredge's estate was bounded easterly on a passage way between his premises and the estate of plaintiff, and as no width or other description of said passage way or the uses to which it was to be put was given, the jury would judge from all the evidence before them whether the passage way was only so much as claimed by the defendant, or a larger width, or the whole distance between the houses, as claimed by the plaintiff; that the mere fact that there was an open space of eight feet between the houses did not necessarily show that the passage way referred to in the deeds was eight feet wide; the jury would look to the whole evidence, and say whether the passage way referred to was the whole space between the houses, or a less width, or the width claimed by the defendant; that if the jury were satisfied from the evidence that there was a passage way actually laid out there by Daniel Felton, marked and distinguishable on the ground, of the width claimed by the defendant, and that remained an open and well known passage way, used as such, and was the passage way referred to in the deeds from Nutt to Wooldredge, then the plaintiff's estate would extend no farther than to the westerly side of said passage, and Wooldredge's estate would go only

to the westerly side of said passage way ; the whole estate hav-
ing been vested in Nutt by the deeds from Felton, that would
clear the estate from all tenancies in common and all rights of
way and passages as such ; and those deeds were evidence only
on the extent and limits of said passage way, if the jury were
satisfied that one was laid out and established and remained
open and known as such in fact upon the premises, while the
whole estate was in the hands of Nutt, and occupied by his
tenants and after his conveyances to his grantees."

The court stated " that if, as the defendant claimed, Wool-
dredge and the plaintiff were tenants and owners in common
of the whole land between the two houses, this action for tres-
pass thereon could not be sustained against Wooldredge, nor
against the defendant acting by his authority; but as the case
stood this point did not arise, as it was evident there was no
tenancy in common ; that at all events there was a passage way
somewhere between the houses, upon which it was admitted
that the said Wooldredge had a right of way and no more ; and
that the plaintiff was the owner in fee of the land over which
that way passed, whatever might be its width."

The plaintiff's evidence tended to show that the defendant
entered upon said passage way, and dug up the soil thereof, and
took and carried away the paving stones therefrom and con-
verted the same to his own use. The defendant's evidence
tended to show that he took nothing from the passage way, but
left it in as good or better condition than he found it.

The plaintiff requested the court to instruct the jury " that if
the defendant entered upon said passage way and dug up the
soil, and took and carried away the quantity of paving stones,
as alleged, as matter of law such acts would not be a legal use
of such passage way." But the court ruled " that the defend-
ant, standing as it was agreed in the place of Wooldredge, and
having thus a right to use the way over said passage, might on
behalf of Wooldredge make every fair and reasonable use of
it as such way ; he might use the surface for passing and repass-
ing, and he might enter upon it for the purpose of preparing,
repairing and keeping the way in order for such use as Wool

dredge was entitled to; and for that purpose and to that extent he might disturb the soil or surface, dig up the paving and re-pave the way to the extent necessary and suitable for repairing and keeping the same in order; that the jury would ascertain what if any of the acts complained of the defendant had done if the acts done by the defendant had not exceeded Wooldredge's right to the use of this as a way for the purpose of passing and repassing and keeping it in order as above, defendant would not be liable; but if he had exceeded such use, he would be liable for the damage done."

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions, which were argued at the last term.

*J. H. Robinson*, for the plaintiff.

*A. A. Abbott*, for the defendant.

MERRICK, J. The plaintiff's land is bounded, on its westerly side, by the land of Joseph C. Wooldredge; and the land belonging to the latter is bounded on its easterly side by a passage way situate between the dwelling-houses on their respective estates. They disagree in relation to the extent and width of this way; and this disagreement constituted the subject of inquiry, and was the chief point in controversy upon the trial of this action. The question respecting which the parties were thus at issue was a mere question of fact; its determination depended wholly upon the effect to be allowed to the evidence in the case, and the inferences justly to be drawn from it, and not at all upon any contested construction of the contents of the several deeds which they had respectively produced, concerning which no difference of opinion appears to have been entertained or expressed. It was a matter therefore strictly within the province of the jury, and was of course very properly left to their decision.

The defendant contended that the way by which the estate of Wooldredge was bounded was located in the same place, and was of the same width and extent, as the passage way mentioned in the deed from Daniel Felton to John Nutt, under whom both the parties to this suit derive their titles. For the purpose of proving the locality, and the space which the last

mentioned way occupied, he was allowed to introduce the deeds of Felton to Nutt and to Felton Jr. This was correct; for the existence, extent and width of that way constituted a part of the facts essential to the maintenance of the defence relied upon. And in reference to those deeds, and to all the evidence having any bearing upon the particular question upon which the parties were at issue, the jury were rightly instructed that if a passage way, marked and distinguishable on the ground, was in fact actually laid out there by Daniel Felton, and if that was the same passage way which is referred to in the several deeds from Nutt and his assigns to Wooldredge, the plaintiff's estate would not extend beyond its westerly side, but would be defined and limited by it. Under such instructions, it is obvious that whatever tended to establish the precise locality and exact extent of the way laid out by Felton must have been admissible as competent and pertinent evidence.

The law in relation to the rights of tenants in common was accurately stated by the presiding judge. But as no such tenancy was shown to have at any time existed in which the parties had any interest, although the law upon that subject seems to have been somewhat considered and discussed, the principles laid down by the court had no bearing upon the final decision of the case, and of this the jury were fully and satisfactorily advised. Whatever was said upon that subject therefore affords the plaintiff no just cause of complaint.

As the right of way belonged to Wooldredge, it was lawful for him to do any work upon its surface, which was necessary, fit and proper to be done there to enable him to use and enjoy his right in it in a manner beneficial and advantageous to himself, provided he did not thereby make any material change in the state and condition of the soil, or disturb or interfere with the estate or privileges of other persons therein. For this purpose and within this limitation, his acts in the preparation, repair or improvement of the way were justifiable, and could not be treated or resisted as a trespass by an owner of the land who held it in fee subject to such an easement. *Appleton* v. *Fullerton*, 1 Gray, 186. This is the right of Wooldredge; and if the

6 *

defendant, acting under his license and authority, did in no par
ticular exceed it, he was not liable to the plaintiff for any dam
age alleged to have been done by him. The instructions given
to the jury upon this subject were to this effect, and were con-
sequently unobjectionable. *Exceptions overruled*